# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| TYRONE RODNEY GARFIELD, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV413-008 |
| ) | |
| CAROLYN COLVIN, ) | |
| *Commissioner of Social Security*,[1] ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Tyrone Garfield, proceeding *pro se*, has filed a complaint asking the Court to award him social security disability benefits. (Doc. 1.) His request to proceed *in forma pauperis* (doc. 2) is **GRANTED**, as it appears that he is utterly destitute and thus lacks sufficient resources to pay the $350 filing fee. His case, however, should be dismissed.

Federal judicial review of such cases is provided for in 42 U.S.C. § 405(g), which states in pertinent part:

---

[1] Garfield named only "Social Security Administration (Disability)" as defendant. (Doc. 1 at 1.) The only proper defendant is the Commissioner of Social Security. *See* 42 U.S.C. § 405(g). The Court has corrected the caption and all further pleadings shall conform. Additionally, the Clerk is **DIRECTED** to amend the docket accordingly.

> Any individual, after any *final decision* of the Commissioner of Social Security *made after a hearing to which he was a party*, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow. . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security with or without remanding the case for a rehearing.

42 U.S.C. § 405(g) (emphasis added). Section 405(h) provides that "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or government agency except as herein provided." 42 U.S.C. § 405(h). Accordingly, a plaintiff may bring an action against the Commissioner only where he has been a party to a hearing before the Commissioner (or Administrative Law Judge) and only where the Commissioner has made a "final decision" on his claim.

Plaintiff has failed to allege any facts suggesting that he applied for and was denied benefits, much less that the Commissioner's decision denying such benefits was final.[2] (Doc. 1 at 2.) And his complaint is devoid of any factual allegations from which the Court can infer that a

---

[2] He notes that he had been involved in some sort of litigation in this Court about the matter before, but the Court's case-tracking database does not confirm this. (Doc. 1 at 2.) Perhaps he confused this District with administrative proceedings before the Commissioner, but that is unclear.

final decision (within the meaning of the Act) has been made by the Commissioner. Nor has plaintiff alleged facts showing that he filed this case within 60 days of a final decision denying benefits, if there was such a decision.

Hence, Garfield has failed to establish that the Court has jurisdiction to consider his claim. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety.").[3] Consequently, this case should be **DISMISSED** without prejudice.

**SO REPORTED AND RECOMMENDED** this 18TH day of March, 2013.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] "[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh*, 546 U.S. at 514. Because federal courts are courts of limited jurisdiction, they are presumed to lack subject matter jurisdiction in a particular case "unless the contrary affirmatively appears." *General Atomic Co. v. United NuclearCorp.*, 655 F.2d 968, 968–69 (9th Cir.1981).

3